[No. 19185. In Bank.—February 27, 1894.]

JULIA GROOME ET AL., APPELLANTS, v. L. T. ALM-
STEAD, RESPONDENT.

CLAIM AND DELIVERY—CROPS RAISED BY POSSESSOR WITHOUT TITLE—VOID
CONTRACT.—Crops raised by a surviving partner in possession of land
patented to a deceased partner as a homestead claim, under a void con-
tract to the effect that the patent was to be procured for the use and
benefit of the copartnership, are not the subject of claim and delivery
at the suit of the heirs of the patentee.

ID.—TENANCY AT WILL—RIGHTS OF POSSESSOR IN GOOD FAITH.—The
contract to obtain the patent for the partnership being absolutely void,
the partner in possession is not a tenant at will, and cannot claim the
crops upon the ground that such tenancy was not terminated by thirty
days' notice; but the plaintiffs out of possession cannot sue for the crops
severed from the freehold by the defendant in possession of the premises,
holding possession in good faith under adverse claim of right.

ID.—REMEDY OF PLAINTIFFS.—The only remedy of plaintiffs as holders of
the legal title is to recover damages for the withholding of the land,
measured by the rental value, or the value of the use and occupation of
the land during the period it was occupied by defendant.

APPEAL—REVERSAL OF JUDGMENT—WRONG REASON FOR RENDITION.—A
judgment which is right upon the merits should not be reversed by
reason of the fact that the court gave a wrong reason for its rendition.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County, and from an order denying a
new trial.

The facts are stated in the opinion of the court.

*William Shipsey*, and *F. A. Dorn*, for Appellant.

The partners were tenants at will of Groome. (Coke
on Littleton, 566; *Gould* v. *Thompson*, 45 Mass. 222; Civ.
Code, sec. 789.) The tenancy was terminated by the
death of Groome. (Taylor's Landlord and Tenant, sec.
62; *Robie* v. *Smith*, 21 Me. 114.) The tenancy was ter-
minated by defendant's adverse claim on behalf of his
firm. (Taylor's Landlord and Tenant, sec. 62, 472;
*Smith* v. *Shaw*, 16 Cal. 88, 90; *Bolton* v. *Landers*, 27 Cal.
104.) When a tenant terminates the tenancy by his
own act of claiming adversely he is not entitled to
notice to quit. (*Smith* v. *Shaw*, 16 Cal. 88, 90; *Bolton*

v. *Landers,* 27 Cal. 104.) A tenant has no right to take away any of the products of the land after he has put an end to his tenancy. (Taylor on Landlord and Tenant, sec. 535; Civ. Code, sec. 819.)

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Respondent.

The defendant was in possession of the land in question, under a void agreement with Groome, to acquire title and convey it to the partnership. This constituted a tenancy at will in one sense. (12 Am. & Eng. Ency. of Law, 670, 671; Gear's Landlord and Tenant, sec. 35.) This tenancy entitled the tenant Almstead to emblements, no matter how the estate was terminated. (12 Am. & Eng. Ency. of Law, 673.)

The COURT.—Action for the recovery of certain personal property consisting of wheat and hay, of the alleged value of fourteen hundred and ninety-six dollars, or for the value thereof, in case delivery cannot be had, and for two hundred dollars damages for detention thereof.

Judgment for defendant, from which, and from an order denying their motion for a new trial, plaintiffs have appealed.

The plaintiff, Julia Groome, is the widow of Thomas B. Groome, who died intestate May 30, 1890, seised of one hundred and sixty acres of land situate in the county of San Luis Obispo, on which he resided at the time of his death. Nellie E. Groome is the daughter of Thomas B. and Julia Groome, and was sixteen years of age when her father died; and the plaintiffs are the only heirs of Thomas B. Groome.

Thomas B. Groome obtained a patent for said land in December, 1890, under the circumstances stated in the case entitled "*In re Groome,*" 94 Cal. 69, wherein it was decided that by virtue of the patent he acquired and held the absolute title to the land free from any trust in favor of the defendant herein (Almstead) and one Min-

tern, who claimed to be the equitable owners of an undivided eleventh-sixteenth parts thereof.

On August 16, 1890, letters of administration on the estate of Thomas B. Groome were issued to plaintiff, Julia.

In the winter of 1890–91 the defendant entered upon the land and commenced to plow the same for the purpose of planting a crop of wheat and hay to be harvested in 1891. Thereupon the plaintiff, Julia, verbally notified him not to plow the land nor plant any crop, and that the land was the property of the estate of Thomas B. Groome, but he disregarded her notice and protest, and proceeded to plow the land and plant the crop. Again, in May, 1891, when the crop was ripened, she forbade him to harvest the same. This he also disregarded, and harvested and removed the crop. Again, in the winter of 1891–92, defendant plowed and planted the land, and in May and June, 1892, harvested the crops against like protests of plaintiff, Julia.

In the mean time, on May 29, 1891, the plaintiff, Julia, had petitioned the superior court to set apart the whole of the land to the plaintiffs as a homestead. This petition was opposed by the defendant herein, and denied by the court. On appeal to this court the order was reversed, and the cause remanded. (*In re Groome,* 94 Cal. 69.)

After reception of the *remittitur,* on May 24, 1892, the superior court set apart the whole tract of land as a homestead for the plaintiffs. The greater portion of the crops of 1892 was harvested after the setting apart of the homestead.

This action was commenced June 7, 1892, to recover the crops of both 1891 and 1892 or their value.

It is conceded in this action that the patent invested Thomas B. Groome with absolute title to the land, and that the plaintiffs are his only heirs. But, as a defense to this action, it is claimed that, at the times the defendant planted the crops in question, he was a tenant at will of the plaintiffs; and that he became such tenant

by having been in possession at the time Thomas B. Groome died, under a contract by which the latter had agreed to procure the patent for the use and benefit of a copartnership composed of defendant, Groome, and Minturn, which contract is conceded to have been illegal and utterly void, as was held in *In re Groome*, 94 Cal. 69. It was found by the court that such a copartnership existed and had the use of the land under said void contract from July, 1886, until Groome died; and that defendant, as surviving partner, represented the concern at the times when he planted and harvested the crops in question.

The court also found as a fact that, "about eight months after the death of said Thomas B. Groome, a dispute arose between defendant and said Julia Groome as to the ownership of said one hundred and sixty acres of land, defendant claiming the same for said partnership, and plaintiff, Julia Groome, denying said claim. Said dispute has continued to the time of this trial.

From the foregoing facts the court deduced, as conclusions of law, that the defendant, as representative of the dissolved copartnership, was a tenant at will at the time he planted the crops; that his tenancy could not have been terminated otherwise than by thirty days' written notice in accordance with section 789 of the Civil Code; that he was entitled to harvest and remove the crop, as emblements, by authority of section 819 of the Civil Code; and that plaintiffs never had any right of possession except by force of the order of May 24, 1892, setting apart the homestead, and thereupon rendered judgment to the effect that plaintiffs take nothing by the action.

While we think the court below was clearly in error in holding that upon the foregoing facts the defendant was a tenant at will and entitled to a notice terminating such tenancy, and that plaintiffs had no title to or right to the possession of the land upon which the crops in dispute were given other than by virtue of the order setting apart the homestead, still we think the facts of

the case, as above stated, bring the case within the reason of the rule declared in *Page* v. *Fowler*, 37 Cal. 100, and *Page* v. *Fowler*, 39 Cal. 412, 2 Am. Rep. 462, and the judgment should not be reversed by reason of the fact that the court gave a wrong reason for its rendition.

The facts here are not exactly parallel with those in the cases just cited, still we think the principle declared in those cases govern this, and plaintiffs are only entitled to recover damages for the withholding of the land, measured by the rental value, or the value of the use and occupation of the land during the period it was occupied by defendant. The plaintiffs have misconceived their remedy.

Judgment and order affirmed.