[L. A. No. 3642. Department Two.—January 31, 1916.]

## J. L. RECTOR, Appellant, v. WELLINGTON J. LEWIS. and BEULAH V. LEWIS, Respondents.

SPECIFIC PERFORMANCE—CONTRACT FOR EXCHANGE OF LAND—DELAY IN PERFORMANCE—CROSS-COMPLAINT FOR RESTITUTION OF PREMISES.— In an action to compel specific performance of a contract to exchange real property, to which defendant pleaded a rescission of the contract and interposed a cross-complaint for restitution of the premises belonging to defendant, upon which plaintiff had entered fraudulently, the court did not err in finding that a tender on June 11th was not made within a reasonable time after April 10th of the same year (no time for performance being specified in the contract), and in finding from the delay, coupled with the other facts and circumstances of the case, that plaintiff had not, prior to the date of the tender, attempted to carry out the terms of the contract.

ID.—JUDGMENT ON CROSS-COMPLAINT FOR RESTITUTION WHEN SPECIFIC PERFORMANCE DENIED.—In such a case, where the court decides against the bill for specific performance, it is proper to give judgment for defendant on the cross-complaint for restitution of the premises.

ID.—RESCISSION.—A payment to be made upon the exchange of the conveyances and the completion of the transaction, is not required to be made as a prerequisite to rescission of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Smith, Miller & Phelps, and M. M. Meyers, for Appellant.

Geo. L. Sanders, for Respondents.

MELVIN, J.—Plaintiff sued for specific performance of an alleged contract for the exchange of real property. Defendants answered, pleading a rescission of the contract after breach thereof by the plaintiff, and by cross-complaint averred that plaintiff was wrongfully withholding their property from them. They prayed for restitution of the premises, for an award by way of damages, and for rent. The defendants were successful both in their defense and in their action upon the cross-complaint. Plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

The important findings requiring discussion on this appeal were to the effect that plaintiff had not surrendered to defendants, or to either of them, the property which was to be exchanged for the realty which is the subject of this suit; that by means of misrepresentation plaintiff had obtained entrance upon the property of defendants in Los Angeles County on February 15, 1912, and that, on the seventeenth day of the same month, by threats and intimidation, he had compelled them to yield possession of the premises to him—a possession still retained by him at the time of the action; that after frequent vain demands upon plaintiff for performance of the contract defendants rescinded it on the eleventh day of June, 1912; that plaintiff during his occupancy had made certain improvements on the land which were equal to the value of the use thereof exclusive of the crops grown thereon; and that up to the time of the receipt by him of the notice of rescission of the contract plaintiff had not attempted in good faith to carry out the terms of the agreement with defendants. An interlocutory decree was given following these findings and ordering an accounting between the parties with reference to the personal property.

The contract was evidenced by two certain writings. By the first of these W. J. Lewis agreed to transfer the land in question, located in Los Angeles County, together with all the personal property thereon (except certain named chattels) for fifteen thousand dollars, the consideration being certain lands in Nebraska, subject to an existing lease continuing

from March 1, 1912. The land in Nebraska was to be subject to two mortgages of one thousand dollars each, and the property in California to a mortgage of three thousand dollars. The closing paragraph of this written instrument was as follows:

"Time being the essence of this agreement it is hereby agreed by both parties hereto that said Lewis is to look at the Nebraska land within 30 days and upon his approval within that period of time all papers appertaining to both parties' lands are to be placed in escrow with Los Angeles Abstract and Trust Co., 325 So. Hill St., Los Angeles, Cal., which company will deliver to each party the certificates of title and complete the deal for all concerned.

> "W. J. LEWIS,
> "BEULAH V. LEWIS,
> "J. L. RECTOR."

This agreement was dated January 11, 1912. The court found that on January 23, 1912, the defendants placed in escrow all of the documents so required to be deposited by them according to the agreement.

On April 10, 1912, the plaintiff and defendant, W. J. Lewis, signed the following writing:

"It is agreed that the adjustment of all matters pertaining to personal property which should have been left on place sold by Mr. W. J. Lewis to Mr. J. L. Rector leaves a balance due of $10.00 from Mr. Lewis to Mr. Rector.

"Mr. Rector agrees to procure for Mr. Lewis a written lease of a certain 240 acres in Nebraska and turn same over to Mr. Lewis, said lease to be duly executed by M. S. Johnson, G. I. Johnson and Charles Johnson, lease running from March 1, 1912, to March 1, 1913, Mr. Lewis to be entitled to interests of Mr. Rector in and to all crops on any of the Nebraska land included in the transaction as of the date of Jan. 23/12."

On June 5, 1912, by a formal letter, the defendants offered to complete the transaction by delivering to Rector a proper grant deed to the property belonging to them, together with a certificate of title and all other papers to be by them delivered. The closing paragraph of this letter was as follows:

"And we hereby demand that you carry out your part of said escrow agreement immediately and without any further delay upon your part."

The letter of rescission signed by both defendants and dated June 11, 1912, was based upon the failure of plaintiff to carry out the terms and conditions of the escrow agreement.

Appellant's first contention is that as no time was specified in the second writing within which he was to secure a tenant and execute the transfer of the property in Nebraska, he was entitled to a reasonable time for doing those things, and that the time allowed was, under the circumstances, most unreasonable. He calls attention to the fact that on July 8, 1912, he tendered to defendants warranty deeds to the Nebraska property from himself and wife, abstracts of title, insurance policies, and two leases, one between himself and one Sheffield, dated February 15, 1912, and another signed by himself and G. I., M. S., and C. C. Johnson, dated June 1, 1912, for a portion of the land in Nebraska. It appears that one of the leases—that signed by Sheffield—was not contemplated in the agreement of April 10, 1912. Therefore, under appellant's own theory, the belated offer does not fill the exact measure of the two agreements.

But upon broader principles we cannot say that the chancellor erred in determining that the delay from April 10, 1912 (the date of the supplemental agreement), to June 11th of the same year (the date of the rescission), was unreasonable, and that such delay, coupled with the other facts and circumstances, supported a finding that Mr. Rector had not, prior to June 11, 1912, attempted in good faith to carry out the terms of the contract. It was in evidence that appellant, without giving anything in return had, on February 17, 1912, by threats and intimidation compelled defendants to yield possession of their property to him. The court found that the testimony on this point was true. It was also in evidence that respondents wrote numerous letters to Mr. Rector requesting compliance on his part with the contract, but that no results were obtained. These circumstances might well have justified the court in the finding of lack of good faith.

The judgment of restitution was fully in accord with the pleading and proof of the cross-complaint. Having invoked the jurisdiction of a court of equity, and that court having determined that he is not entitled to specific performance of the contract of exchange, the appellant may not well complain that his dispossession of the land was unwarranted. He reminds us that there were other things to be done besides

the passing of deeds between him and Mr. and Mrs. Lewis, and instances the circumstance that the agreement of modification recites the obligation on the part of the respondents to pay ten dollars due on ''the adjustment of all matters pertaining to personal property.'' Respondents were not obligated to pay the ten dollars as a prerequisite to rescission of the contract, or to the maintaining of their suit by cross-complaint. This money was to be paid as part of the consummation of the transfer of the property. It was not an independent debt, or a partial payment on the contract, which Mr. and Mrs. Lewis were bound to restore before they could seek equity. It was in evidence that Mr. Rector had given the respondents absolutely nothing in return for the use of the land, prior to the rescission of the contract. Therefore the item of ten dollars must have been merely an estimated charge which would accrue upon the final consummation of the agreement to exchange the two parcels of land. In any view of the matter, appellant will not be harmed, because there is to be an accounting between the parties to this suit.

Appellant attacks the cross-complaint as insufficient because in itself it did not present facts sufficient to constitute a cause of action against the plaintiff. It is conceded by respondents that such facts must be pleaded in a cross-complaint, but appellant's counsel do not point out the particulars in which the pleading is vulnerable. They content themselves with the general statement that sufficient facts are not alleged. They do not give their reasons for their belief that the cross-complaint should be ignored. We have examined it, and agree with the learned judge of the superior court who overruled plaintiff's demurrer to the cross-complaint. Under the circumstances we do not feel called upon to give in detail our reasons for such agreement.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.