[Civ. No. 3165. Second Appellate District, Division Two.—February 17, 1920.]

## J. L. RECTOR, Appellant, v. WELLINGTON J. LEWIS et al., Respondents.

[1] TRESPASS—UNLAWFUL POSSESSION OF LAND—RECOVERY BY OWNER—RIGHT TO CROPS—DAMAGES.—Where the owner of property recovers possession from a trespasser, or one in unlawful possession, not under circumstances to justify exemplary damages, he takes the growing crops with the land; but harvested crops are the property of the one in unlawful possession, the owner's remedy being to recover the rental value of his land.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

N. B. Bachtell and Robert L. Hubbard for Appellant.

George L. Sanders for Respondents.

SLOANE, J.—The parties to this action had entered into a contract for the exchange of lands. Plaintiff brought suit to enforce the execution of a deed to the premises which defendants had contracted to convey, and of which plaintiff was in possession. Defendants answered and filed their cross-complaint for a rescission of the contract and for recovery of possession of the land and certain personal property that went with it, as covered by the contract, to-

---

1. Rights of trespasser with respect to crops sown by him, notes, 21 Ann. Cas. 431; Ann. Cas. 1915D, 359.

gether with damages for waste, the value of crops raised and harvested by plaintiff, and the rental value of the land.

The trial court, by an interlocutory judgment, denied plaintiff the relief sought under his complaint, and gave judgment for defendants on their cross-complaint, decreeing the rescission of the contract for exchange of properties, and awarding the return of possession, with damages to defendants, to be determined on an accounting and on further hearing in the suit. On an appeal to the supreme court (172 Cal. 1, [155 Pac. 75]), the interlocutory judgment was affirmed, and the case remanded for the taking of further testimony as to damages. This appeal is by plaintiff from final judgment for defendants for damages arising from conversion of certain personal property and the use and occupation of defendants' premises.

The principal point of appellant's contention is upon a finding of the court that plaintiff had converted to his own use 144½ tons of hay, of the value of $2,890, the personal property of and belonging to defendants, and grown on said real property. It is contended that this finding is not supported by the evidence. The evidence discloses, accepting defendants' version of it, that there was on the premises, when plaintiff took possession, 11 tons of hay belonging to defendants; that plaintiff, during his possession, raised and harvested 180 tons, making a total of 191 tons; and that 46½ tons had been turned over to defendants, leaving 144½ tons unaccounted for, upon which the court fixed a valuation of $20 per ton, and gave judgment for defendants for that amount.

The legal question presented is, whether defendants can recover as damages for the use and occupation of their land during the time it was unlawfully detained by the plaintiff, the gross value of the crop raised thereon by plaintiff. It is insisted by appellant that in no event could the recovery be for more than the value after deducting the cost of growing and harvesting the crop, and that the true measure of damages is not the crops grown on the land, but the rental value of the premises. The trial court found that the plaintiff obtained possession of defendants' land "by seizing and taking it from defendants' possession, against their consent." We are not advised as to whether the evidence supports such finding; but at the most, it obtains no support from defend-

ants' pleadings. The cross-complaint contains the only reference to plaintiff's possession of the premises, as follows: " . . . the possession of which Los Angeles County property these defendants had surrendered to plaintiff on his promise in said contract of January 11, 1912, contained, that he would complete the terms and conditions of said contract." It thus appears that possession was surrendered by defendants in pursuance of the contract afterward rescinded. In any event, even under the findings of the court, the possession, though unlawful, was not taken forcibly or under such conditions of malice and oppression as would justify punitive damages, and the recovery must, therefore, be limited to compensatory damages.

*Lightner Min. Co.* v. *Lane,* 161 Cal. 689, [Ann. Cas. 1913C, 1093, 120 Pac. 771], and *Avakian* v. *Noble,* 121 Cal. 216, [53 Pac. 559], have been called to our attention as decisions laying down the rule of punitive damages. In the former case the punitive damages were not upheld as against the defendants; and in both cases the actions for damages were upon the facts showing a willful, fraudulent, and forcible taking of property in the nature of chattels from lands in the actual possession of the plaintiffs. **[1]** The rule applicable to crops grown and harvested upon land by a trespasser, or one in unlawful possession, not under cricumstances to justify exemplary damages, would seem to be that if the possession is recovered by the owner, he takes the growing crops with the land; but that crops harvested are the property of the one in unlawful possession, and the owner's remedy is to recover the rental value of his land. (12 Cyc. 977; *Johnston* v. *Fish,* 105 Cal. 420, [45 Am. St. Rep. 53, 38 Pac. 979]; 4 Sutherland on Damages, sec. 1023; *Groome* v. *Almstead,* 101 Cal. 425, [35 Pac. 1021]; *Huerstal* v. *Muir,* 64 Cal. 450, [2 Pac. 33]; *Churchill* v. *Ackerman,* 22 Wash. 231, [60 Pac. 406]; *Page* v. *Fowler,* 39 Cal. 412, [2 Am. Rep. 462].) In *Page* v. *Fowler, supra,* where the defendant, in wrongful and unlawful possession of plaintiff's land, raised crops which were severed from the realty before judgment for possession in favor of plaintiff was given, the court says: "But no case has been cited in which this principle, right of recovery for mesne profits and waste, has been held to make the owner of the land out of possession, under such circumstances, the owner of the crops grown

and actually harvested by the defendant. The very fact that he may recover the rents and profits of the land, shows that he cannot recover the crops; for, as was well said in the case of *Stockwell* v. *Phelps,* 34 N. Y. 363, [90 Am. Dec. 710], the owner of the land, in such cases, does not recover the value of the crops raised and harvested, but the value of the use and occupation of the land; and the annual crops of grain and grass, which contain both the value of the use of the land and the labor of the farmer, do not, under such circumstances, belong to the owner of the land.''

No brief has been filed in behalf of respondents on this appeal; and, although we have examined the transcript and, to some extent, the bill of exceptions, we have largely assumed the correctness of the undisputed statement of the case by appellant as a basis for our conclusions. We are of the opinion that the allowance to cross-complainants of the gross market value of the hay harvested from the premises was erroneous. There is also an allowance of $25 for a wagon reach, under the findings, which, under the evidence, was valued at $2.50. In view of these errors it is unnecessary to pass upon other minor points raised on the appeal.

Judgment reversed.

Finlayson, P. J., and Thomas, J., concurred.