[Sac. No. 3638. In Bank.—December 30, 1925.]

ARTHUR T. SHAMLIAN et al., Respondents, v. CHARLES WELLS et al., Appellants.

[1] TRESPASS—UNLAWFUL POSSESSION—PLEADING—ISSUES.—In an action to recover for the value of the use and possession of certain land owned by plaintiffs, where the complaint alleges that defendants remained in possession during the period of the controversy, harvested the crops thereon, appropriated the same to their own use, and that the rents, issues, and profits for said period were a specified sum, a special denial by one of the defendants that he *unlawfully* retained possession of said land during the period in question and harvested the crops thereon must be taken as an admission that he had and retained such possession, harvested the crops and appropriated the proceeds from the sale thereof to his own use, and the only issue raised by such denial is as to the *lawfulness* of such appropriation and possession.

[2] PRINCIPAL AND AGENT — TERMINATION OF CONTRACT OF SALE — JUDGMENT AGAINST AGENT. — In an action by owners of certain land against the vendee thereof, the assignee of said vendee and the undisclosed principal of said assignee to recover the value of the use and possession of said land, a final judgment in a prior action wherein the vendee and his assignee were the defendants and wherein it was determined that the contract of sale with the vendee was terminated on a specified date is admissible in evidence against said vendee and assignee and against the undisclosed principal of said assignee as proof of the allegation of the complaint that the agreement of sale had been terminated as to all the defendants.

[3] ID.—JUDGMENT AGAINST AGENT—WHEN PRINCIPAL BOUND.—Under some circumstances a judgment against an agent is binding on his principal; and the circumstances justifying such a holding would seem to be present when notice comes to the agent while he is acting for his principal in the very transaction in controversy.

[4] ID.—KNOWLEDGE OF AGENT—CONSTRUCTIVE NOTICE TO PRINCIPAL.— The knowledge of the agent in the course of his agency is the knowledge of the principal; and when the knowledge of the agent is ascertained, the constructive notice to the principal is conclusive; and this rule would seem to be especially applicable when the principal is undisclosed.

1. See 21 Cal. Jur. 154; 21 R. C. L. 560.
4. See 1 Cal. Jur. 846; 21 R. C. L. 838.

[5] ,ID.—ACTS OF AGENT—LIABILITY OF UNDISCLOSED PRINCIPAL.—An undisclosed principal is liable for the acts of his agent performed or committed within the scope of the agent's authority; and an undisclosed principal cannot reap the benefit of the acts of his agent unlawfully in possession of certain land and avoid responsibility to the owner.

[6] ID. — SEVERANCE OF CROP BY PERSON IN POSSESSION — RIGHT OF OWNER—LIABILITY OF UNDISCLOSED PRINCIPAL.—The owner of land has no right or title to crops raised on the land by one not in privity with him and severed while he (the owner) is out of possession, but coincident with the right of said person in possession to retain the severed crops is his liability to the owner for damages, the measure of which is the value of the use and possession of the land while he was in possession; and, under section 2330 of the Civil Code, where the undisclosed principal of said person in possession retains the fruits of his agent's acts he will not be heard to say that liability on account of such acts has not accrued to him.

[7] ID. — DAMAGES FOR USE AND OCCUPATION OF LAND — PLEADING — EVIDENCE — FINDINGS — JUDGMENT. — In this action, in which the court awarded plaintiffs judgment for damages for the use and occupation of certain lands of plaintiffs, while the form of the complaint lent some support to defendants' contention that the cause of action set out in the complaint was predicated upon the rights of the parties under the original contract of sale to one of the defendants, the form of the pleadings was also susceptible to the construction that plaintiffs were seeking recovery by way of damages for the use and possession of said land, and the evidence was abundantly sufficient to support the findings and judgment on this latter theory.

[8] ID.—DEMAND FOR POSSESSION—EVIDENCE.—In such action, assuming that demand on the undisclosed principal for possession was necessary under the circumstances, there was ample proof that the plaintiffs sought in many ways and at different times during the period in question to obtain possession, even going to the extent of endeavoring forcibly to take possession, but that their efforts were resisted with force in the interest of and on behalf of said undisclosed principal.

---

(1) 31 Cyc., p. 208, n. 80.    (2) 34 C. J., p. 1023, n. 52.    (3) 34 C. J., p. 1024, n. 53.    (4) 2 C. J., p. 859, n. 78.    (5) 2 C. J., p. 840, n. 70.    (6) 2 C. J., p. 493, n. 55; 17 C. J., p. 381, n. 36.    (7) 39 Cyc., p. 866, n. 96.    (8) 39 Cyc., p. 867, n. 16.

5. See 1 Cal. Jur. 856.

6. Right of owner of land in respect to crops grown thereon by one not in privity with him, notes, 23 L. R. A. (N. S.) 531; L. R. A. 1918A, 550. See, also, 8 Cal. Jur. 688; 8 R. C. L. 366.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South and Bradley & Bradley for Appellants.

Earl A. Bagby, E. I. Feemster and Feemster & Cleary for Respondents.

SHENK, J.—At all times involved herein the plaintiffs were the owners of a twenty-seven acre tract of producing vineyard land in the county of Tulare. On January 28, 1922, they brought this action against the defendants for the value of the use and possession of said land from February 10 to October 8, 1921. Judgment was rendered in their favor for the sum of $1,800.50. Notice of appeal was served and filed on behalf of all of the defendants, but the appeal is not prosecuted by the defendants Charles Wells and Harry Faith. The appeal of the defendant C. L. Caine is therefore the only matter here for determination.

It is alleged in the complaint that prior to the tenth day of February, 1921, the plaintiffs entered into an agreement to sell the said land to Wells and that he took possession on August 21, 1920; that the defendant Wells and the defendants Faith and Caine, as assigns, continued in possession of the said premises by virtue of said agreement until the tenth day of February, 1921, upon which last-mentioned date the said agreement was terminated; that thereafter all the right, title, and interest of the defendants in and to said premises and to the possession thereof were terminated; that demand for possession was made but was refused; that the defendants remained in possession during the period of the controversy, harvested the crops, appropriated the same to their own use, and that the value of the rents, issues, and profits for said period was the sum of $3,000.

[1] The defendant Caine answered separately, denying generally the allegations of the complaint, but specially denying that he *unlawfully* retained possession of said land during the period in question and harvested the crops thereon. The denial last referred to must be taken as an admission

that the defendant Caine had and retained such possession, harvested the crops, and appropriated the proceeds from the sale thereof to his own use. The only issue raised by said denial was as to the *lawfulness* of such appropriation and possession.

The court found that the allegations of the complaint were true; that Caine claimed possession by virtue of a purchase from Faith, prior to February 10, 1921, of the crop for the year 1921, with the incidental right of possession and removal of the crop, and that whatever rights Caine or any of the defendants had in the premises had been terminated on the tenth day of February, 1921.

[2] As proof of the allegation of the complaint that the alleged agreement had been terminated as to all of the defendants the respondents offered in evidence a final judgment in an action in said court wherein Charles Wells and Steves Zahar were the defendants and wherein it was determined that the original contract with Wells was terminated on the tenth day of February, 1921; that on that day all of the right of the defendants in and to the said premises and the possession thereof had ceased and that on that date the plaintiffs were entitled to the possession of said land. Caine objected to the introduction of said judgment in evidence on the ground that he was not a party to said action. The court overruled the objection. He now contends that the said ruling was error and that without said judgment there was no evidence before the court which would sustain a finding that the said contract had been terminated. It was in evidence, however, without conflict, that during the period in question and for some time prior to the commencement of the action in which said judgment was entered, Caine, as an undisclosed principal, was in possession of said premises through his agent, the said Steves Zahar, one of the defendants in said action; that the said agent Zahar was in actual physical possession during said time, cared for the land and harvested the crop, and that he, the appellant, received and appropriated to his own use the proceeds from the sale of said crop. The Wells contract contained a provision that no assignment thereof should be made unless the assignee should agree in writing to be bound by the terms of the agreement in the same manner as the original contracting party was bound. Neither Faith nor Caine complied with this pro-

vision of the contract, nor did they otherwise become bound to the plaintiffs in writing under said contract. It appears that the respondents did not know at the time they commenced their action against Wells and Zahar that Caine was in possession through his agent and interested in the crop, consequently they did not make him a party. It also appears that Zahar was made a party defendant because he was actually in possession of the premises prior to and at the time of the commencement of said action. It is undisputed that he was so in possession and continued in such possession and harvested the crop solely as the agent of Caine. It would necessarily follow that Zahar had no right of possession apart from the right of possession of Caine, his undisclosed principal. It must be conceded that the said judgment was admissible in evidence as against Wells, for he was a party defendant in said action and was bound thereby. Zahar was a party defendant and was also bound. It is suggested by the plaintiffs that Caine, because of his relationship with Zahar, was likewise bound, on the theory that a judgment is binding between the parties and all persons who are represented by them and claim under them or who are in privity with them. (See *Satterlee* v. *Bliss,* 36 Cal. 489; *Estate of Clark,* 190 Cal. 354, 360 [212 Pac. 622]; 15 Cal. Jur. 97.) **[3]** It has been held that under some circumstances a judgment against an agent is binding on his principal. (*Bridges* v. *McAllister,* 106 Ky. 791 [90 Am. St. Rep. 267, and note, 51 S. W. 603]; *Jacob* v. *Town of Oyster Bay,* 109 App. Div. 630 [96 N. Y. Supp. 626]). The circumstances justifying such a holding would seem to be present when notice comes to the agent while he is acting for his principal in the very transaction in controversy. **[4]** The general rule is well settled that the knowledge of the agent in the course of his agency is the knowledge of the principal. (1 Cal. Jur. 846, and cases cited.) It rests on the assumption that the agent will communicate to his principal all information acquired in the course of his agency, and when the knowledge of the agent is ascertained the constructive notice to the principal is conclusive. (1 Cal. Jur. 853, and cases cited.) In this case the knowledge of and notice to Zahar of his relationship with Caine and of the pendency of said action was established and may not be disputed. The rule would seem to be especially ap-

plicable when, as here, the principal is undisclosed. Caine was not a party of record to the contract of purchase, and when he was secretly in possession of the premises through his agent he should not, under the circumstances here shown, be heard to say that notice to his agent in said action was not notice to him.

[5] The appellant is then relegated to the position of an undisclosed principal who has reaped the benefit of the acts of his agent unlawfully in possession and is seeking to avoid responsibility to the owner. It is a familiar rule that an undisclosed principal is liable for the acts of his agent performed or committed within the scope of the agent's authority. (Civ. Code, sec. 2338; 1 Cal. Jur. 838, 839, and cases cited.) Section 2330 of the Civil Code provides: "An agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal." [6] If Zahar had entered upon said land and harvested the crop on his own account he would have been entitled to the harvested crop, for it is well settled that the owner of land has no right or title to crops raised on the land by one not in privity with him and severed while he is out of possession. (*Rector* v. *Lewis,* 46 Cal. App. 168 [188 Pac. 1018]; *Bethea* v. *Jeffres,* 126 Ark. 194 [L. R. A. 1918A, 549, 552, and note, 189 S. W. 666]; 8 R. C. L. 366; 8 Cal. Jur. 688), but coincident with his right to retain the severed crops is his liability to the owner for damages, the measure of which is the value of the use and possession of the land while he was in possession (*Page* v. *Fowler,* 39 Cal. 412, citing *Page* v. *Fowler,* 37 Cal. 100; *Groome* v. *Almstead,* 101 Cal. 425 [35 Pac. 1021]; *Johnston* v. *Fish,* 105 Cal. 420 [45 Am. St. Rep. 53, 38 Pac. 979]; *Rector* v. *Lewis, supra,* p. 168; 8 Cal. Jur. 689). Since this liability would have been imposed upon Zahar if he had been acting in his own behalf, the same liability accrued to Caine, his principal, pursuant to said section 2330 of the Civil Code, and having retained the fruits of his agent's acts he will not now be heard to say that liability on account of such acts has not accrued to him. The judgment of the trial court was therefore correct in assess-

ing the damages against the appellant at the value of the use and possession of the premises during the period in question.

[7] The appellant contends that the cause of action set out in the complaint is predicated upon the rights of the parties under the original contract with Wells; that the proof was offered on that theory, and that the findings and judgment of the court are based upon another theory, to wit, a recovery by way of damages for the value of the use and possession of said land; wherefore, it is urged, the findings and conclusions and judgment are outside of the issues raised by the pleadings and not supported by the evidence. The form of the pleadings lends some support to the contention, but they are also susceptible to the construction contended for by the plaintiffs. It is true that the complaint alleges the execution of the original contract with Wells, but it does not proceed on the theory that the plaintiffs are foreclosing the interests of said defendants in and to the said property and contract. On the contrary, the complaint alleges that the contract had been terminated prior to the period in question and that the defendants unlawfully retained possession, harvested the crop, and appropriated the same to their own use. The allegations concerning the execution of the contract may properly be considered as matters of inducement or evidentiary. They do not affect the theory of the plaintiffs' cause of action, viz., that the plaintiffs were the owners and entitled to possession; that the defendants were unlawfully in possession; that they harvested the crop and appropriated the same to their own use and became liable to the plaintiffs for mesne profits. An inspection of the record discloses that the evidence was abundantly sufficient to support the findings and judgment on that theory.

[8] The appellant makes the further contention that there was no proof of a demand made on him for possession at any time during the period in question. He does not support his contention that demand was necessary with any citation of authority, but assuming that demand was necessary under the circumstances here shown, there was ample proof that the plaintiffs sought in many ways and at different times during said period to obtain possession, even going to the extent of endeavoring forcibly to take pos-

scssion, but that their efforts were resisted with force in the interest of, and on behalf of, the appellant.

The judgment is affirmed.

Richards, J., Seawell, J.; Waste, J., Myers, C. J., Lennon, J., and Lawlor, J., concurred.