[Civ. No. 425. Fourth Appellate District.—August 18, 1930.]

IMPERIAL FARMING COMPANY (a Corporation) et al., Appellants, v. ERWIN RAY VAN HORN et al., Respondents.

[Civ. No. 426. Fourth Appellate District.—August 18, 1930.]

IMPERIAL FARMING COMPANY (a Corporation) et al., Appellants, v. PRESCOTT WEST, Respondent.

S. P. Williams and Dorsey Whitelaw for Appellants.

M. W. Conkling and Harry W. Horton for Respondents.

AMES, J., *pro tcm.*—These appeals were taken from judgments entered in favor of the defendants. It was stipulated by counsel that they are companion cases and involve substantially the same situation and are governed by the same legal and equitable principles and that the decision of this court in the case of *Imperial Farming Co. et al.* v. *Van Horn,* No. 425, shall apply to and govern its companion case. In the ensuing opinion we shall refer to the facts in that case without reference to its companion case.

The action was brought for the purpose of quieting plaintiff's title and right of possession to a three-fourths share of a crop of cotton, which was growing and maturing upon certain real property in Imperial County at the time of the institution and trial of the action and requiring a delivery thereof to plaintiff or a receiver to be appointed by the court. It appears from the findings that on or about the first day of February, 1917, one Sarah F. Donley, as plaintiff, commenced an action in the Superior Court of Imperial County against Erwin Ray Van Horn, the defendant herein. This action was in ejectment and at the time of its institution Sarah F. Donley, as plaintiff, filed a *lis pendens* in the office of the county recorder of Imperial County in which it was recited that defendant Van Horn was then in possession of said land and claimed to be the owner thereof and that the action was brought for the purpose of obtaining possession and adjudging that the title of said Van Horn in said land was inferior to and subject to that claimed by the plaintiff; that defendant Van Horn filed an answer to said action, but did not file a *lis pendens* disclosing his claim to said real property or any *lis pendens* whatever. In said action judgment was rendered and entered in favor of the plaintiff Sarah F. Donley and against defendant Van Horn, and pursuant to proceedings had upon said judgment Van Horn was dispossessed of said land and the crops then growing thereon and Sarah F. Donley was, pursuant to the judgment of said court, placed in possession

thereof; that pending said proceedings Sarah F. Donley died and thereafter Irene Elizabeth Capron, as administratrix of the estate of Sarah F. Donley, was substituted as her successor in interest in said action; that thereafter defendant Van Horn appealed from said judgment of the superior court and, pending said appeal, and while said Irene Elizabeth Capron as such administratrix was in possession of said land, she did, on or about the thirty-first day of December, 1926, enter into a lease and crop-sharing agreement with Imperial Farming Company, a corporation, one of the plaintiffs and appellants herein, by the terms of which said Imperial Farming Company was to raise a crop of cotton on said land, one-fourth of which was to be delivered to said Irene Elizabeth Capron as rent under the terms of said lease, and the remaining three-fourths thereof was to be retained by said Imperial Farming Company as lessee; that thereafter the Imperial Farming Company, through its agents and representatives, took possession of said land and planted a crop of cotton thereon.

That thereafter plaintiff Hartman Mill and Ginning Company loaned to the Imperial Farming Company a certain sum of money to enable said company to grow said cotton crop upon said premises. That the payment of said indebtedness, together with other moneys to be advanced, was secured by a crop mortgage upon said crop. Said mortgage was recorded in the office of the county recorder of Imperial County on or about the twenty-ninth day of April, 1927, and at the same time a contract was entered into between the Imperial Farming Company and the Hartman Mill and Ginning Company to the effect that the cotton to be raised upon said premises was to be ginned by the Hartman Mill and Ginning Company, which contract was likewise recorded in the office of the county recorder. That thereafter the judgment of the Superior Court of Imperial County in the case of *Capron* v. *Van Horn* was reversed by a decision of the Supreme Court of California (201 Cal. 486 [258 Pac. 77]; *Donley* v. *Van Horn,* 49 Cal. App. 383 [193 Pac. 514]), the *remittitur* from the clerk of the Supreme Court having been received and filed in the office of the county clerk of Imperial County on or about the twenty-seventh day of August, 1927, and that thereafter pursuant to a writ of restitution duly issued out of the Superior Court

the sheriff of Imperial County placed defendant Van Horn in possession of the land and of the crop of cotton growing and maturing thereon. That after the execution of the writ of restitution as aforesaid, the case of *Capron* v. *Van Horn* was again tried in the superior court, resulting in a judgment in favor of defendant, who had remained in possession by virtue of said writ of restitution as aforesaid. The court further found that plaintiff Imperial Farming Company did not have actual notice of the pendency of said action prior to making the said lease and cropping contract, but that both the Hartman Mill and Ginning Company and the Imperial Farming Company had constructive notice of the pendency of said action prior to the time of the making of said loans and the execution of said mortgage and ginning contract.

Pursuant to these findings judgment was duly entered that plaintiff take nothing by said action.

Section 409 of the Code of Civil Procedure is as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

It will be noted from the foregoing section that the right of recording a notice of action is accorded to a defendant when affirmative relief is claimed in his answer. ■ In the case at bar no affirmative relief is sought in the answer and the notice filed by the plaintiff was, we think, sufficient to impart notice to the plaintiffs herein of the pendency of said action. By the language of the notice so filed they were apprised of the fact that an action was pending in which the defendant was in possession of the land involved therein and claiming to be the owner thereof, and that the

action was brought for the purpose of obtaining possession and adjudicating the superior title of the plaintiff to the property. We think this notice was sufficient. (*Welton* v. *Cook,* 61 Cal. 481.)

Having constructive notice of the pendency of said action in which a judgment in favor of the plaintiff had not become final, the plaintiffs herein entered into negotiations with the plaintiff, chargeable with knowledge of its institution and of all subsequent proceedings; that having done so we think they are bound by the final judgment in the case of *Capron* v. *Van Horn, supra.*

In *Rector* v. *Lewis,* 46 Cal. App. 168, at 170 [188 Pac. 1018], the court says:

"The rule applicable to crops grown and harvested upon land by a trespasser or one in unlawful possession, not under circumstances to justify exemplary damages, would seem to be that if the possession is recovered by the owner, he takes the growing crops with the land; but that crops harvested are the property of the one in unlawful possession, and the owner's remedy is to recover the rental value of his land. (12 Cyc. 977; *Johnston* v. *Fish,* 105 Cal. 420 [45 Am. St. Rep. 53, 38 Pac. 979] ; 4 Sutherland on Damages, sec. 1023; *Groome* v. *Almstead,* 101 Cal. 425 [35 Pac. 1021] ; *Huerstal* v. *Muir,* 64 Cal. 450 [2 Pac. 33] ; *Churchill* v. *Ackerman,* 22 Wash. 231 [60 Pac. 406] ; *Page* v. *Fowler,* 39 Cal. 412 [2 Am. Rep. 462].) "

*Huerstal* v. *Muir,* 64 Cal. 450 [2 Pac. 33], is controlling in the case at bar. In that case the defendant had been dispossessed of a parcel of land by virtue of a writ of restitution. Thereafter an *alias* writ of restitution was issued commanding the sheriff to put the plaintiff in quiet possession, but in attempting to do so the sheriff found a third person in possession of said property who was asserting an adverse right to the crop as a mortgagee of the defendant. In that case the Supreme Court said, at page 453:

"But having entered as mortgagee of the defendant *pendente lite* he was bound by the judgment and removable by the writ; and as he was in fact removed, and the plaintiff was put in possession, the latter was lawfully in possession, not only of the land described in the writ, but of all fixtures and improvements attached to the premises, and to all crops growing or standing thereon. For some purposes

growing crops are regarded as personal property; but as between the successful plaintiff in an action of ejectment and the evicted defendant, they are part of the realty. (Adams on Eject. 347; *Brother* v. *Hurdel,* 10 Ired. (N. C.) 490 [51 Am. Dec. 400]; *King* v. *Fowler,* 14 Pick. (Mass.) 238; *Shode* v. *Swan,* 1 A. K. Marsh. 366.)''

The case of *Ward* v. *Sherman,* 155 Cal. 287 [100 Pac. 864], cited and relied upon by appellants, is not in point. In that case certain livestock, together with its increase, and other personal property, had been taken from the possession of the plaintiff under a judgment which was afterward reversed on appeal. None of the property involved in that action was in any way attached to the realty, and did not in any sense constitute a part thereof. Obviously, this decision, not in any way involving unharvested crops or any other interest in real property, is not an authority in this case. Our conclusion on this point is, we think, controlling in this case and a discussion of other points raised will be unnecessary.

The judgments are affirmed.

Cary, P. J., and Marks, J., concurred.