[Civ. No. 3561.   Fourth Dist.   May 7, 1947.]

GEORGE KHATCHADOURIAN, Respondent, v. RACHEL
T. DAVIDIAN, Appellant.

Van E. McCarty, David E. Peckinpah and L. N. Barber for
Appellant.

Lawrence W. Young and Harry Sarkisian for Respondent.

BARNARD, P. J.—This is an appeal from an ex parte
order appointing a receiver.

The action was brought by the purchaser for the specific
performance of a contract for the sale of real property. The
contract, dated January 3, 1946, is in the form of escrow
instructions and calls for the payment of $13,000 in cash
by the purchaser and the giving of a trust deed securing a
note for $10,000 upon delivery of a deed, together with a policy
of title insurance.

The complaint, filed on January 28, 1946, alleges ownership of the property in the defendant; the making of the above mentioned contract; that the agreed purchase price was the fair and reasonable value of the property; that the plaintiff was, and is, able, ready and willing to perform; and that the defendant refuses to perform. The prayer is that she be compelled to specifically perform the terms of the agreement and in the event she refuses so to do that a commissioner be appointed for that purpose. The answer denied the allegation of the complaint as to the value of the property, and set up, as a separate defense, that the defendant had been induced to enter into the contract through misrepresentations made by the plaintiff with respect to the value of the property.

After trial, but before judgment, and on August 21, 1946, plaintiff filed a petition for the appointment of a receiver which led to the order here appealed from, which was entered on the same day. In this petition it is alleged that this action for specific performance had been tried; that a minute order had been entered on August 16, 1946, ordering judgment for the plaintiff; that the findings of fact, conclusions of law and formal judgment were in course of preparation; that the defendant was in possession of the property; that she had sold certain crops on the vines and was in the process of harvesting or would shortly proceed to harvest the same; that she had harvested certain peaches and was then drying the same away from the property in question; and that in order to protect the plaintiff and to carry into effect the judgment it would be necessary to appoint a receiver to take possession of the property, to harvest all crops thereon, and to recover possession of the peaches which had been removed from the real property in question, and which were being dried elsewhere. The order appointing the receiver directed the receiver to immediately take possession of the real property, to harvest and sell all crops growing thereon, and to take immediate possession of the peaches then being dried and which had been removed from the premises in question.

Findings of fact in favor of the plaintiff were filed on September 11, 1946. These findings did not mention the crops grown or growing on the land. In the conclusions of law, it was found that the defendant should account to the plaintiff for the rents, issues and profits of the land from January 3, 1946, and that she should be restrained from

removing any crops growing or grown thereon from that date. Judgment was entered on the same day, providing that the defendant convey the property to the plaintiff upon his paying $13,000, furnishing a trust deed securing a note for $10,000, as provided for in the contract; and further providing that in the event the plaintiff failed to pay this amount and to deliver this note and trust deed his right to specific performance should be forever barred and the agreement should be cancelled.

On September 13, 1946, the defendant appealed from the order of August 21, 1946, appointing a receiver.

There is nothing in the allegations in the complaint, or in the petition for appointment of a receiver, which justifies or supports the appointment of a receiver. The only issue involved in the action was the right of the plaintiff to receive a deed to the land upon his paying certain money and giving certain security. The defendant was contesting that right in court and was certainly holding the property under a claim of right until that issue should be decided. ■ It is well settled in this state that the party in possession, under such circumstances, is entitled to the crops produced on the land in controversy until such time as a conveyance has been made or a judgment entered, and that the other party, if successful in his efforts to obtain possession of the property, would then be limited to a right of action for the value of the use and occupation of the property during such time as such possession had erroneously been withheld from him.

The principles set forth in *California Delta Farms, Inc.* v. *Chinese American Farms,* 204 Cal. 524 [269 P. 443], are controlling here. In that case the court said:

"This right of action, however, falls far short of title to or interest in the usufruct. In fact, it negatives any claim of the true owner to it. As against such adverse claimant, the owner is not entitled to sue in trover or detinue for the crop as a chattel (*Johnston* v. *Fish, supra* [105 Cal. 420 (38 P. 979, 45 Am.St.Rep. 53)]; *Groome* v. *Almstead, supra* [101 Cal. 425 (35 P. 1021)]; *Phillips* v. *Keysaw,* 7 Okla. 674 [56 P. 695]). In *Page* v. *Fowler,* 39 Cal. 412, 416, 417 [2 Am.Rep. 462], it is said: 'The very fact that he may recover the rents and profits of the land, shows that he cannot recover the crops; for, as was well said in the case of *Stockwell* v. *Phelps* (34 N.Y. 363 [90 Am.Dec. 710]), the owner of the land, in such cases, does not recover the value

of the crops raised and harvested, but the value of the use and occupation of the land; and the annual crops of grain and grass, which contain both the value of the use of the land and the labor of the farmer, do not, under such circumstances, belong to the owner of the land. It would be an oppressive rule to require everyone who, after years of litigation perhaps, may be found to have a bad title, to pay the gross value of all the crops he has raised; and it would be an inconvenience to the public if the bad title of the farmer to his land attached to the crops he offered for sale, and rendered it necessary to have an abstract of his title to make it safe to purchase his produce.' "

The court then said: "The simple fact is that such a crop in the hands of a *bona fide* adverse claimant is not the property of the true owner but is the property of such claimant and this is true whether the crop be severed or growing (*Grossman* v. *Yip Wing,* 62 Cal.App. [121] 128 [216 P. 634])." It was then further pointed out that under such circumstances, even in an action in ejectment, the appointment of a receiver could not be sustained, and that the court was in no position to administer or distribute the fund arising from a receivership, since the plaintiff had no interest therein.

The cases cited by the plaintiff are not in point since he is, in effect, relying on the contention that the defendant was a trespasser and not acting under a claim of right. The plaintiff might be entitled to the crops growing on the land when he paid and secured the purchase price and received a deed, or possibly when judgment was entered, but he was not entitled to possession of the crops which had been previously harvested (*Rector* v. *Lewis,* 46 Cal.App. 168 [188 P. 1018]), and he was not entitled to the appointment of a receiver to take possession of such harvested and unharvested crops at the time the order here appealed from was made. Title to the crops was not in issue in this action, and subdivision 3 of section 564 of the Code of Civil Procedure was not applicable, among other reasons, because no judgment had then been entered.

The order appealed from is reversed.

Marks, J., and Griffin, J., concurred.