SALT SPRINGS NATIONAL BANK of Syracuse, Respondent, *v.* JOHN C. FANCHER and Others, Appellants.

*Fraudulent conveyance — testimony of the fraudulent grantor in supplementary proceedings — grantees with knowledge of the fraud are chargeable with moneys borrowed on mortgage upon, and with the rental value of, the land.*

Upon the trial of an action brought by a judgment creditor of one John C. Fancher to set aside a conveyance of real estate made by him to his sons, upon the ground that it was fraudulent as to creditors, the plaintiff introduced in evidence, for the purpose of contradicting the oral evidence given by Fancher, the deposition of Fancher taken in proceedings supplementary to execution upon the plaintiff's judgment.

*Held*, that the testimony was admissible;

That by its introduction the plaintiff had not made Fancher its own witness, and that, therefore, the rule that a party cannot impeach his own witness was not violated.

It appeared that after Fancher had conveyed the premises in question to his sons, they mortgaged the premises to a *bona fide* mortgagee, received the money and spent it, and that after the conveyance to them by their father the sons had the use of the real estate.

*Held*, that they were properly chargeable with the sum which they had received as the proceeds of the mortgage, and also with the rental value of the property, irrespective of the question whether they had received, during the time of their occupation, any rents or profits.

APPEAL by the defendants, John C. Fancher and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 20th day of November, 1894, upon the decision of the court rendered after a trial at the Onondaga Special Term, setting aside as fraudulent as against creditors a conveyance and bill of sale from the defendant John C. Fancher to the defendants Wardwell W. Fancher and Charles H. Fancher.

Also, an appeal by the defendants, Charles H. Fancher and Wardwell W. Fancher, from an order made at the Oswego Special Term and entered in the office of the clerk of Onondaga county on the 3d day of January, 1895, confirming the report of the referee upon a reference directed by the judgment.

*W. J. Bellen*, for the appellants.

*J. William Wilson*, for the respondent.

MERWIN, J. :

The plaintiff, as a judgment creditor of the defendant John C. Fancher, upon a liability incurred by Fancher prior to the 24th day of June, 1892, sought to set aside as fraudulent as against creditors a conveyance of certain real estate dated June 24, 1892, and a bill of sale of certain personal property dated July 12, 1892, made by the said John C. Fancher to the defendants Wardwell W. Fancher and Charles H. Fancher. These instruments covered substantially all the property the debtor then had. Wardwell and Charles are sons of the debtor, and their main defense is that their father owed them for services more than the value of the property. It was found by the Special Term as matter of fact that these instru-

ments and each of them were made and accepted with intent to hinder, delay and defraud the creditors of John C. Fancher, and were, therefore, void as to the plaintiff and its debt. In the light of the arguments presented on the part of the defendants, we have carefully examined the evidence and have reached the conclusion that the evidence is sufficient to sustain the finding of the Special Term.

The defendants claim that the rule that a party cannot impeach his own witness was violated at the trial. This claim is based on the idea that the plaintiff by introducing in evidence the deposition of John C. Fancher taken in proceedings supplementary to execution made him its own witness, so that it could not contradict him by showing the facts to be different from what he stated in his deposition. The plaintiff did not call him as a witness, as in the case of *Thalheimer* v. *Klapetzy* (12 N. Y. Supp. 942), but simply put in evidence as against himself his sworn declarations. He was afterwards called by the defendants as a witness, and the plaintiff then had a right to cross-examine him and prove by him any facts pertinent to the issue. We find no error in allowing that course to be taken, or that there was any violation of the rule referred to.

Our attention is called to some other exceptions, but we find in them no sufficient ground for reversal. The judgment should be affirmed.

In the course of the trial it appeared that the defendants Wardwell W. and Charles H., after the conveyance to them and on the 12th of September, 1892, gave a mortgage on the real estate to one Hawley for the sum of $1,000 then loaned to them by Hawley, and applied the money to their own use. It was conceded that Hawley took the mortgage in good faith. This suit was commenced on October 14, 1892. It also appeared that Wardwell and Charles had the use of the real estate from the time of the deed to them. By the judgment a receiver was appointed of the personal property and of the rents and profits of the real estate and of the proceeds of the mortgage above referred to, and the defendants Wardwell and Charles were directed to deliver and pay the same to him, and a referee was appointed to examine into the acts of the said defendants in regard to the real and personal property while they claimed

to own the same, and to take an account of the rents and profits of the real estate and the proceeds of the said mortgage, and report the evidence by him taken and his opinion thereon. The reference provided was had, and upon the coming in of the report it was after due hearing confirmed. The defendants Charles H. and Wardwell W. Fancher appeal from the order of confirmation.

The referee reported that the said defendants should be charged with $1,000, the proceeds of the mortgage, and for the use of the real estate from the time of the deed to the time of the judgment or hearing before the referee the sum of $300, in all $1,300.

The appellants claim that they should not be charged with the $1,000 received on the mortgage, mainly because it was not actually in their hands when the present suit was commenced. They had applied it to their own use. In this way they would get the benefit of a fraud in which it was found that they had participated. This would hardly answer. They were, we think, properly charged with the amount. (*Fullerton* v. *Viall*, 42 How. Pr. 294; *Loos* v. *Wilkinson*, 110 N. Y. 214.) They were not charged with interest. The judgments of plaintiff were recovered before the mortgage was given.

The appellants claim they should not be charged with the rents and profits, because they did not actually receive any. They were charged with the rental value, the amount of which was not disputed. They actually had the use of the property. That was conceded. That being so, it is difficult to see in principle why they should not account for the use as much as if they had rented to a tenant and received from him rent. In Bump on Fraudulent Conveyances (2d ed., p. 593) it is said: "It certainly is not consonant with the principles of the law that the grantee should derive any advantage from his fraud. Consequently, he may be compelled to account for the profits from the time of the transfer." Many cases are cited to the proposition.

No good reason is presented for disturbing the order. No question was made at the hearing about taxes or repairs.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs. Order affirmed, with ten dollars costs and disbursements.