(October 29, 1921.)

GLENN F. FRITCHER, Administrator of the Estate of JOHN ALLEN, Deceased, Appellant, v. JOHN H. KELLEY, LAURA B. KELLEY, His Wife, EARL W. KELLEY and JOHN TASH, Respondents.

[201 Pac. 1037.]

FRUCTUS INDUSTRIALES—OWNERSHIP OF—PERSON GROWING—OWNER OF LAND—RIGHT OF REMOVAL—TIME OF REMOVAL.

1. *Fructus industriales,* grown and severed by one while in possession of land, belong to him, although his possession was without right as against the true owner.

2. This holds good as to such crops, although not severed before judgment is entered quieting title in the true owner, so long as they are severed before he takes possession.

APPEAL from the District Court of the Fourth Judicial District, for the County of Twin Falls. Hon. Wm. A. Babcock, Judge.

Appeal from order dissolving temporary injunction. Affirmed.

E. M. Wolfe, J. F. Martin and A. W. Ostrom, for Appellant.

The severing of crops from the soil cannot effect a transfer of the title to the crops thus severed. The severance of the crops from the soil did change the character of the property, but in no way changed the title. (*Carlisle v. Killebrew,* 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; *Van Alen v. Rogers,* 1 Johns. Cas. (N. Y.) 281, 1 Am. Dec. 113.)

---

Publisher's Note.

1. Right of trespasser to crops sown and severed by him, see notes in 21 **Ann. Cas.** 432; Ann. Cas. 1915D, 359.

On rights and remedies of owner of land in respect to crops grown thereon by one in privity with him, see notes in 23 **L. R. A. N. S.,** 531; **L. R. A.** 1918A, 550.

Growing crops, as between the successful plaintiff and the evicted defendant, belong to the realty; plaintiff who recovers the land is entitled thereto. He is also entitled to the crops growing or cut or partly cut and partly uncut if they are planted after the action was commenced; and crops planted after judgment and growing when plaintiff takes possession after affirmance of the judgment belong to him. (15 Cyc. 183; *Halleck v. Mixer,* 16 Cal. 574; *Heurstal v. Muier,* 64 Cal. 450, 2 Pac. 33; *Hartshorne v. Ingles,* 23 Okl. 535, 101 Pac. 1045, 23 L. R. A., N. S., 531; *McGinnis v. Fernandes,* 135 Ill. 69, 25 Am. St. 347, 26 N. E. 109; *Altes v. Hinckler,* 36 Ill. 275, 85 Am. Dec. 407; *Gardner v. Kersey,* 39 Ga. 664, 99 Am. Dec. 485; *Kimball v. Lohmas,* 31 Cal. 154, 158.)

Walters & Hodgin, for Respondents.

Crops raised, matured and severed from the land prior to actual ejectment are personal property and do not pass with the land. (8 R. C. L. 367; *Monday v. O'Neil,* 44 Neb. 724, 48 Am. St. 760, 63 N. W. 32; 12 Cyc. 977, and cases cited; *Wakefield v. Dyer,* 14 Okl. 92, 76 Pac. 151; *Wattenbarger v. Hall,* 26 Okl. 815, 110 Pac. 911; *Golden Valley Land & Cattle Co. v. Johnstone,* 21 N. D. 101, Ann. Cas. 1913B, 631, and cases cited, 128 N. W. 691; *Hartshorne v. Ingels,* 23 Okl. 535, 101 Pac. 1045, 23 L. R. A., N. S., 531; *Mabry v. Harp,* 53 Kan. 395, 36 Pac. 743; *McClain v. Miller,* 95 Kan. 794, 149 Pac. 399; 12 Cyc. 977.)

McCARTHY, J.—This is an action to enjoin respondents from removing crops grown on a certain 80 acres. The complaint alleges that on June 28, 1918, a judgment of the district court for Twin Falls county was entered decreeing that plaintiff was the owner and entitled to the possession of the 80 acres in question, and that the respondents, John H. Kelley and Laura B. Kelley, had no interest therein. The complaint goes on to allege that at the time of said judgment certain crops were growing upon the premises

which belonged to appellant by virtue of the decree; that the respondents threatened to remove the crops and would do so unless restrained by the court; and that on September 3, 1918, appellant caused to be served upon respondents John H. Kelley and Laura B. Kelley a certified copy of the above-mentioned judgment and they have refused to deliver up the premises. While it is not directly alleged that said respondents were in possession of the premises, it so appears by necessary inference from the last mentioned allegation. Upon this complaint a temporary injunction was issued. Respondents moved to dissolve it. A hearing was had on affidavits and the complaint, and the motion was granted. From the order dissolving the injunction this appeal is taken.

The uncontradicted affidavits, filed by respondents in support of the motion to dissolve the injunction, show that respondents John H. Kelley and Laura B. Kelley rented the land in question to respondents Earl Kelley and John Tash for the season of 1918, under an agreement by which the former were to have one-half the crop and the latter one-half; that prior to June 17, 1918, the first crop of hay grown upon said land was entirely cut; that prior to September 3, 1918, the grain grown upon said land was cut and stacked; that prior to September 3, 1918, a second crop of alfalfa grown on about 8 acres of said land had been cut and stacked. The affidavit of respondent John H. Kelley also alleges that when a certified copy of the decree was served on September 3, 1918, he and his wife, Laura B. Kelley, removed from said premises.

Appellant claims that the crops were part of the realty and as such belonged to him. They were all *fructus industriales,*—that is, crops produced by labor and industry. We approve the rule that *fructus industriales* belong to one who, while in possession of the land, has raised them and severed them from the land itself, though it turn out that his possession was without right as against the true owner of the land. (*Wakefield v. Dyer,* 14 Okl. 92, 76 Pac. 151;

*Faulcon v. Johnston,* 102 N. C. 264, 11 Am. St. 737, 9 S. E. 394; *Page v. Fowler,* 39 Cal. 412, 2 Am. Rep. 462; *Johnston v. Fish,* 105 Cal. 420, 45 Am. St. 53, 38 Pac. 979; 8 R. C. L., Subject, Crops, sec. 11, p. 366.) We conclude that this rule holds good, even as to that part of the crops which were not severed before the judgment, so long as they were severed while respondents were in possession of the land. (*Phillips v. Keysaw,* 7 Okl. 674, 56 Pac. 695; *Aultman etc. Co. v. O'Dowd,* 73 Minn. 58, 72 Am. St. 603, 58 N. W. 756.)

The order dissolving the temporary injunction is affirmed. Costs to respondents.

Rice, C. J., and Budge, Dunn, and Lee, JJ., concur.