(No. 4965. February 27, 1928.)

CHARLES F. PEACOCK, Trustee in Bankruptcy for the Estate of R. U. BRADSHAW, Bankrupt, Respondent, v. DELLA FAIRBAIRN and ARCHIE FAIRBAIRN, Wife and Husband, Appellants.

CHARLES F. PEACOCK, Trustee in Bankruptcy for the Estate of R. U. BRADSHAW, Bankrupt, Respondent, v. MAY SHIRLEY and CHARLES B. SHIRLEY, Appellants.

CHARLES F. PEACOCK, Trustee in Bankruptcy for the Estate of R. U. BRADSHAW, Bankrupt, Respondent, v. J. R. BRADSHAW, Appellant.

[264 Pac. 231.]

BANKRUPTCY—ACTION BY TRUSTEE TO SET ASIDE PRIOR CONVEYANCES—
LIMITATIONS—EXISTING CREDITORS.

1. In action to set aside conveyances made before bankruptcy, admission of testimony of bank employee as to bankrupt being an indorser on certain paper of bank, though erroneous, for the reason that notes themselves were the best evidence, *held* not prejudicial, where without considering amount so proven bankrupt was still insolvent.

2. Complaint to set aside conveyances by bankrupt, alleging indebtedness to various and sundry persons and its continuance at time of bankruptcy proceedings, *held* to sufficiently state a cause of action as to continuity of liability, in absence of demurrer or motion to make more specific.

3. Trustee in bankruptcy has no authority under Bankruptcy Act, sec. 67e (11 U. S. C. A., sec. 107), to maintain an action to set aside conveyances made more than four months prior to filing of petition in bankruptcy.

4. Right of action by trustee in bankruptcy under Bankruptcy Act, sec. 70e (11 U. S. C. A., sec. 110), to avoid transfers by bankrupt of his property which any creditor of such bankrupt might have avoided, is not subject to four months' limitation under sections 60b and 67e (11 U. S. C. A., secs. 96, 107).

5. Under Bankruptcy Act, sec. 47a, as amended by Act June 25, 1910, sec. 8 (11 U. S. C. A., sec. 75), and section 70e (11

U. S. C. A., sec. 110), construed together, trustee in bankruptcy is authorized to maintain an action to set aside conveyances by bankrupt more than four months prior to filing of petition, without showing that creditors had reduced their claims to judgment or held liens against property.

6. "Existing creditors" are persons having subsisting obligations against debtor at time of fraudulent alienation of property, although their claims may not have matured or been reduced to judgment until after such conveyance.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action to set aside conveyances. Judgment for respondent. *Affirmed.*

Wm. M. Morgan, E. B. Smith and George Donart, for Appellants.

A trustee in bankruptcy is entitled to maintain an action to set aside as fraudulent conveyances made by a bankrupt only under the following conditions: (a) In instances where conveyances were executed within four months next preceding the institution of the bankruptcy proceeding; (b) In instances where the creditors themselves could have maintained actions to set aside the conveyances. (U. S. Bankruptcy Act, 67e, 1 Fed. Stat. Ann. 70e, p. 1212; 2d ed., p. 1122; *Dean v. Plane,* 195 Ill. 495, 63 N. E. 274; *Knapp v. Milwaukee Trust Co.,* 216 U. S. 545, 30 Sup.

Publisher's Note.

4. See 3 R. C. L. 301.

5. Right of trustee to sue to set aside fraudulent conveyance before reduction of creditor's claim to judgment, see note in 5 Ann. Cas. 804. See, also, 3 R. C. L. 265, 301.

See Appeal and Error, 4 C. J., sec. 2979, p. 997, n. 74.

Bankruptcy, 7 C. J., sec. 276, p. 173, n. 43, p. 174, n. 46; sec. 417, p. 265, n. 14.

Fraudulent conveyances, 27 C. J., sec. 112, p. 472, n. 21.

Ct. 412, 54 L.ʼed. 610; *Carey v. Donohue,* 240 U. S. 430, 36 Sup. Ct. 386, 60 L. ed. 726, L. R. A. 1917A, 295.)

A creditor who has not reduced his claim to judgment in the absence of a lien upon the property alleged to have been fraudulently conveyed cannot maintain an action to set aside his debtors' conveyances as fraudulent. (*Perkins v. Bundy,* 42 Ida. 560, 247 Pac. 751.)

Section 70e of the Federal Bankruptcy Act authorizes the trustee to set aside only such conveyances as some creditor or creditors of the bankrupt might have set aside. This section creates no new right in the trustee in bankruptcy but merely gives him the right to avoid the transfers which any creditor might have avoided. (*Holbrook v. International Trust Co.,* 220 Mass. 150, 107 N. E. 665; *Scales v. Holje,* 41 Cal. App. 733, 183 Pac. 308.)

Rice & Bicknell and Ed. R. Coulter, for Respondent.

The trustee in bankruptcy had the legal right to bring this action. (Sec. 70e, Federal Bankruptcy Act; *Martin v. Commercial Nat. Bank,* 245 U. S. 513, 38 Sup. Ct. 176, 62 L. ed. 441; *Stellwagen v. Clum,* 245 U. S. 605, 38 Sup. Ct. 215, 62 L. ed. 507; *Security Warehousing Co. v. Hand,* 206 U. S. 415, 11 Ann. Cas. 789, 27 Sup. Ct. 720, 51 L. ed. 1117; *Knapp v. Milwaukee Trust Co.,* 216 U. S. 545, 30 Sup. Ct. 412, 54 L. ed. 610; *In re Downing,* 201 Fed. 93; *Casey v. Baker,* 212 Fed. 247; *National Bank v. Moore,* 247 Fed. 913; sec. 47 of the Bankruptcy Act, as amended by act of 1910; *Baldwind v. Kingston,* 247 Fed. 163; *Crary v. Kurtz,* 132 Iowa, 105, 119 Am. St. 549, 105 N. W. 590, 109 N. W. 452; *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 427; Remington on Bankruptcy, secs. 1402, 1513, 1547; *Grand Rapids Trust Co. v. Nichols,* 199 Mich. 126, 165 N. W. 667; *In re Pittsburgh-Big Muddy Coal Co.,* 215 Fed. 705, 132 C. C. A. 81.)

There is no question here but that there were creditors of Bradshaw who might have avoided those conveyances but for the intervention of the bankruptcy proceedings which prevented them from putting their claims into judgments.

Under such circumstances it was not incumbent upon plaintiff to allege or show that those creditors filed their claims against the estate of the bankrupt. (Remington on Bankruptcy, sec. 2247.)

GIVENS, J.—November, 1924, R. U. Bradshaw was adjudged bankrupt. December 20, 1924, respondent became trustee in bankruptcy of the estate. August, 1923, being indebted to various and sundry creditors, in a large sum, R. U. Bradshaw and his wife conveyed to appellant Fairbairn certain real estate and assigned a certain mortgage. Other conveyances were made on the same date to the other appellants. Respondent brought three separate actions (all consolidated and to be heard on one transcript) as trustee in bankruptcy against appellants to set aside the conveyances executed and delivered by R. U. Bradshaw to appellants prior to the bankruptcy adjudication. The court found, and there was sufficient evidence to show, that R. U. Bradshaw was insolvent, had made the conveyances, and was adjudged bankrupt, and that the conveyances were made without consideration and with intent to hinder and delay creditors, and decreed that the deed and assignment from Bradshaw to Fairbairn were fraudulent, null and void, that appellant convey the property therein described to respondent and upon failure to execute proper conveyance that the judgment should have the effect of a conveyance in fee simple. Like judgments were entered in *Peacock v. Bradshaw* and *Peacock v. Shirley,* from which judgments these appeals are taken.

[1] The evidence shows that in August, 1923, at the date of the conveyances, R. U. Bradshaw's total indebtedness amounted to $125,880. The valuation placed upon Bradshaw's assets by Mr. Lloyd, which was the valuation most favorable to Bradshaw, amounted to $84,828. The introduction, over appellant's objection, of certain ledger sheets of the Weiser National Bank and the testimony of one Horner, an employee of the bank, relative to the contents of the ledger sheets, to show the liability of Bradshaw as

an indorser on paper in the bank, is assigned as error, for the reason that the notes themselves were the best evidence and no reason was shown for their nonproduction. The total amount of the liability developed by the testimony objected to was $28,000. Without considering the amount so proven, that is, deducting from Bradshaw's total liability $28,000, he was still insolvent to the extent of some $13,000. While of course the notes were the best evidence of their contents and should have been introduced, their nonproduction, as to the above objection, was not prejudicial.

Appellants also urge that this evidence was prejudicial as being the only connecting link to show that the trustee represented creditors existing at the time the bankruptcy proceedings were instituted who were also creditors at the time of the alleged fraudulent transfers. This evidence was clearly admissible to show the transactions in and through the bank.

Plaintiff's Exhibit "K," the schedules in bankruptcy, signed by the bankrupt, was admitted in evidence without objection. In fact, it was expressly stated with the acquiescence of appellant that it was admitted for any (every) purpose except as to values placed by the bankrupt on certain pieces of property listed. These schedules were referred to by the bankrupt in his testimony, and listed his debts, some of which he admitted in his examination were in existence at the time the transfers were made, and his listing them as debts due at the time the bankruptcy proceedings were instituted, coupled with the bank records above referred to, was sufficient, to show continuity of liability on the one hand and creditors on the other, and to support the findings and conclusions of the court.

[2] Appellants urge that the complaint was deficient as to stating a cause of action in the above particular. In the absence of a demurrer or a motion to make more specific, the complaint did sufficiently allege that the bankrupt at the time of the transfers was indebted in large amounts to various and sundry persons and that said indebtedness still continued at the time of the bankruptcy proceedings.

Only one further point need be decided; namely, whether the trustee in bankruptcy was in a position to maintain the action, the conveyances having been made more than four months prior to the filing of the petition in bankruptcy, and the creditors not having reduced their claims to judgment and having no liens on the property.

Section 67e of the Federal Bankruptcy Act (1 Fed. Stat. Ann., 2d ed., p. 1122), authorizes the trustee to institute legal proceedings to set aside all conveyances, transfers or assignments made within four months prior to the filing of the petition in bankruptcy with the intent and purpose to hinder, delay and defraud creditors.

[3] The petition in bankruptcy was filed in November, 1924, and the conveyances were made August 11, 1923, more than four months prior thereto, in fact, some sixteen months. Two of the conveyances were recorded prior to the four months priority period and two were recorded within that period. By C. S., sec. 5427, an unrecorded conveyance is valid between the parties thereto. The conveyance became effective upon delivery in August, 1923 (*Hiddleson v. Cahoon*, 37 Ida. 142, 214 Pac. 1042), and the date of recording is immaterial in this case as no such situation as is provided for in C. S., sec. 5424, arises. It necessarily follows that these conveyances having been made more than four months prior to the filing of the petition in bankruptcy, the trustee could maintain no action to set them aside under section 67e of the Bankruptcy Act.

Section 70e (30 Stat. L. 556, 1 Fed. Stat. Ann., 2d ed., p. 1212), provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered, or its value collected, from whoever may have received it, except a *bona fide* holder for value."

[4]   A right of action under this section is not subject
to the four months' limitation of the Bankruptcy Act under
secs. 60b and 67e.   (*Stellwagen v. Clum,* 245 U. S. 605, 38
Sup. Ct. 215, 62 L. ed. 507; *Allen v. Gray,* 201 N. Y. 504,
Ann. Cas. 1912B, 123, 94 N. E. 652.)

Appellants concede that under section 70e the trustee is
authorized to bring an action to recover property without
regard to the four months' limitation set forth in the other
sections but urge that section 70e of the Bankruptcy Act
does not create any new right in the trustee to avoid trans-
fers but merely gives the trustee the same rights and reme-
dies the creditors would have had; in other words, if the
creditors could not avoid the transfer, the trustee could not,
and that, since this court, in *Perkins v. Bundy,* 42 Ida.
560, 247 Pac. 751, has held that until the creditor has re-
duced his claim to judgment, at least in the absence of a
lien upon the property alleged to have been fraudulently
transferred, he cannot maintain an action to set aside the
conveyance as fraudulent, and that herein there being no
showing that the creditors had any liens or had reduced
their claims to judgment, they, and likewise the trustee,
subrogated to their rights, could not maintain this action.

[5]   Section 47a of the Bankruptcy Act, July 1, 1898,
chap. 551, 30 Stat. 557, as amended by Act June 25, 1910,
chap. 412, sec. 8, 36 Stat. 840 (U. S. Comp. Stats. 1916, sec.
9631), and sec. 70e, 30 Stat. 566, must be construed together.
(*In re Hammond,* 188 Fed. 1020; *In re Morris,* 204 Fed.
1008.)   Prior to the 1910 amendment of sec. 47a, the su-
preme court of the United States, in *York Mfg. Co.* v.
*Cassell,* 201 U. S. 344, 26 Sup. Ct. 481, 50 L. ed. 782, held
that the rule previously announced by several of the circuit
courts of appeals, that the filing of a petition in bankruptcy
conferred upon the trustee the same rights as a creditor
would have obtained by the levy of an execution or attach-
ment at the date of filing of the petition was unsound and
that the trustee simply stood in the shoes of the bankrupt,
and took the property subject to every claim that could have
been urged against him.   Section 47a was amended by Act

June 25, 1910, chap. 412, sec. 8, 36 Stat. 840, for the purpose of reinstating the rule previously declared by the circuit courts of appeals and by reason of the amendment we confine ourselves to pronouncements made thereafter. (*Farmers' Co-operative Co.* v. *Barlow* (N. D.), 202 Fed. 1005; *In re Farmers' Co-operative Co.* v. *Barlow*, 202 Fed. 1008; *In re Morris, supra; Pacific States Bank* v. *Coats*, 205 Fed. 618, Ann. Cas. 1913C, 846; *Bank of North America* v. *Penn. Motor Co.*, 235 Pa. 194, 83 Atl. 622; *Baldwind* v. *Kingston*, 247 Fed. 163; *National Bank of Bakersfield* v. *Moore*, 247 Fed. 913.) The amendment itself states such a rule in unequivocal language:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankrupt court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied; (Amendment to 47a Bankruptcy Act. 36 Stat. 840.)

Such doctrine has heretofore been enunciated with approval by this court:

"While the Bankruptcy Act recognizes the validity of liens obtained more than four months prior to the filing of the petition in bankruptcy, a fair consideration of the law and its purposes impels one to the conclusion that only valid liens obtained more than four months prior to the filing of the petition are exempted from the operation of the act. (Black on Bankruptcy, 4th ed., sec. 934.) The Bankruptcy Act (sec. 70) vests the trustee with the title of the bankrupt as of the date of the adjudication in bankruptcy. As to property not in custody of the bankruptcy court, he is vested, under the act (sec. 47a-2), with 'all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied.' This status is assumed as of the date of the filing of the petition in bankruptcy." (*Mitchell* v. *Ada Inv. Co.*, 42 Ida. 421, at 426, 246 Pac. 10.)

The rule announced in the amendment is not in conflict with *Perkins v. Bundy, supra,* since the rights given the trustee are purely statutory, and in *Perkins v. Bundy* the sections of the Bankruptcy Act discussed herein were not under consideration.

[6] Existing creditors are persons having subsisting obligations against the debtor at the time the fraudulent alienation was made although their claims may not have matured or been reduced to judgment until after such conveyance. (27 C. J., sec. 112, p. 472.)

It follows that by reason of the amendment the trustee was authorized to bring the action without showing that the creditors had reduced their claims to judgment or held liens against the property.

The judgment is affirmed, costs awarded to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.