(No. 5508.    December 8, 1930.)

CHARLES F. PEACOCK, Trustee in Bankruptcy of R. U. BRADSHAW, Bankrupt, Respondent, v. R. U. BRADSHAW, Appellant.

[293 Pac. 982.]

118

George Donart and Wm. M. Morgan, for Appellant.

 

Ed R. Coulter and Rice & Bicknell, for Respondent.

McNAUGHTON, J.—In 1923 defendant, appellant here, was the owner in possession of three tracts of land in Washington county. He was financially embarrassed, really insolvent. In August, 1923, he executed deeds to this property, deeding part to his daughter, Mrs. Mae Shirley, and the balance to another daughter, Mrs. Della Fairbairn. After the Weiser National Bank failure, and in June, 1924, these deeds were filed for record.

In November, 1924, the defendant was adjudged an involuntary bankrupt, and Charles F. Peacock, the plaintiff and respondent, was appointed trustee in bankruptcy. Plaintiff trustee instituted independent and separate actions in the state court against the daughters to set aside said deeds as given in fraud of creditors. Upon the trial of these actions decrees were entered on the thirteenth day of September, 1926, adjudging said deeds to be without consideration and in fraud of creditors and canceling them and finding and decreeing title to said lands to be in the plaintiff

as trustee. The defendant in each action gave statutory appeal bond and appealed the cases to the supreme court. In April, 1928, the supreme court affirmed the district court decrees. (45 Ida. 628, 264 Pac. 231.)

On the first day of September, 1928, this action was instituted by the trustee against R. U. Bradshaw to recover as for conversion, what was designated as the landlord's portion of crops grown upon the land and severed between the date of the district court's decree and the date of its affirmance in the supreme court. The action is in two counts which are the same except the first has reference to the crop grown upon the lands fraudulently transferred to Mae B. Shirley, and the other to the crops grown upon the land so transferred to Della Fairbairn.

The complaint sets forth the adjudications in the state courts, charges the defendant with full knowledge thereof, which is admitted in the answer, and states the action is in *assumpsit*. Attachment issued. The theory, form and gist of the causes of action are disclosed by the first paragraph of paragraph four of each cause of action, which are the same except as to descriptions and names, and in the first cause of action it is as follows:

"That during the course of said litigation and in the trial thereof, and in the appeal to the Supreme Court of the State of Idaho, R. U. Bradshaw had full knowledge of all of the matters and things in connection with said lawsuit, trial thereof, rendition of judgment of the lower court, appeal to the Supreme Court and affirmation of the lower court by the Supreme Court as hereinbefore set forth; and that during all of said times and, especially during the years of 1927 and 1928, said Bradshaw was in possession of said land either in his own behalf or as ostensible agent of his daughter, Mae B. Shirley, to whom the court had found that R. U. Bradshaw had conveyed said lands by said deed, aforesaid, with the fraudulent intent, design and purpose to hinder, delay and defraud his creditors; and during the year of 1927 said defendant did unlawfully, fraudulently and wrongfully and with the knowledge that they belonged

to the plaintiff appropriated same to the use and benefit of his said daughter, Mae B. Shirley, as aforesaid; and that said conversion of said rentals of said property by the defendant was made with the knowledge on the part of the defendant that all of same were the property of and belonged to this plaintiff.''

Upon trial of the cause the court found for the plaintiff upon each count. The defendant appealed to this court upon the assignments which challenge mainly the right to a cause of action such as that set forth under the facts of this case.

It appears from the authorities, and is not seriously disputed by appellant, that when a deed is given in fraud of creditors, a trustee in bankruptcy of the estate of the fraudulent grantor, as a result of such deed, has a good cause of action for the cancelation of it, with right to recover from the grantee for rents and profits. (*In re Zerbersky*, 287 Fed. 600; *Salt Springs Nat. Bank v. Fancher*, 92 Hun, 327, 36 N. Y. Supp. 742.) And this relief may be had in the main action. (*Furlong v. Cooney*, 72 Cal. 322, 14 Pac. 12; *Sullivan v. Davis*, 4 Cal. 291.)

Appellant contends, however, that respondent has misconceived his remedy; further, that the proper remedy, which is for mesne profits, could and should be had in the main action, and that a separate and independent action may not be brought for such relief. This issue of *res judicata* is not raised by answer, and the point of splitting demands is mainly stressed by appellant in his reply brief on the claim that the pleadings by plaintiff, and his position in his brief, raise the question. We deem it unnecessary to examine the law on this point because we do not think the question is here. This is not an action against a fraudulent grantee for mesne profits. This is an action in *assumpsit* as for a conversion of personal property claimed. to have been the property of plaintiff. The action is based upon the theory that the trustee had a property right in the personal property sold by the defendant.

If this crop was the property of the trustee, and the defendant wrongfully converted it by sale for his own bene-

fit, or as agent with full knowledge, for the benefit of his principal, then he is liable, otherwise not.

It will be noticed that plaintiff is not claiming he was the owner of the whole crop grown upon these lands. But he claims he was the owner of the landlord's share. On this account it is claimed the general doctrine of *fructus industriales* does not apply.

The serious, and we think the decisive, question in this case is whether or not the trustee in a case of this kind has a property interest in any part of a crop grown and severed while a grantee and his tenant are in possession, that is crops grown and severed between the dates of a decree in the district court adjudging the grantee's deed void and the affirmance of that decree in the supreme court, there being a stay of proceedings and open adverse possession pending the appeal.

The Washington court in *Fuglede v. Wenatchee Dist. Co-op. Assn.*, 134 Wash. 350, 39 A. L. R. 953, 255 Pac. 790, recently examined the law relative to property right in severed crops as between a claimant wrongfully in possession, while the crops were grown and severed, and one who was entitled to possession but out of possession until after the crops were severed. The Fuglede action was not for the landlord's portion, nor did it involve the whole crop. It involved a balance of crop proceeds after deducting advancements to the actual grower for growing and harvesting. After exhaustively examining and discussing the authorities, that court adopted the rule announced in *Page v. Fowler*, 39 Cal. 412, 2 Am. Rep. 462, as follows:

" 'It is undoubtedly true that, at common law, a person who had been ousted from the land might, after a recovery and re-entry, maintain his action for trespass for the mesne profits and for waste, for the reason that after re-entry the law supposes he has always been seized and the acts of the defendant were a continuing trespass upon the rightful possession of the plaintiff; but no case has been cited in which this principle has been held to make the owner of the land out of possession, under such circumstances, the owner of the crops

grown and actually harvested by the defendant. The very fact that he may recover the rents and profits of the land shows that he cannot recover the crops. . . . . ' ''

Later in the opinion the court quoted from the case of *Brothers v. Hurdle,* 32 N. C. 490, 51 Am. Dec. 400, as follows:

" 'But when one who is in the adverse possession gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the thing severed becomes a chattel, but it does not become the property of the owner of the land, for his title is divested—he is out of possession and has no right to the immediate possession of the thing, nor could he bring an action until he regains possession. . . . . The owner of the land cannot sue for the thing severed in trover or detinue, as a chattel; for it is not his chattel—it did not become so at the time it was severed, and the title to it as a chattel cannot pass to him afterward, when he regains the possession, by force of the *jus postliminii.*' ''

The Montana court, in *Kester v. Amon,* 81 Mont. 1, 261 Pac. 288, 292, citing *Fuglede v. Wenatchee Co-op Assn., supra,* announced the rule as follows:

"The ownership of crops raised on land held adversely does not depend upon the ownership of the land, or the right to the possession thereof, but upon who was in the actual physical possession, and ownership and right to possession are not in issue in an action involving the ownership of the crops."

We think the Idaho court has disposed of the question involved, in *Fritcher v. Kelley,* 34 Ida. 468, 201 Pac. 1037. That case, like the case at bar, was the outgrowth of a case wherein a deed had been canceled. In *Fritcher v. Kelley* the deed had been canceled on the ground of mental incompetency. The action was against both the grantee in the deed and the crop tenant to restrain the removing of a crop that had been severed. Relief was denied against either the landlord or tenant, the court stating in the opinion:

"Appellant claims that the crops were part of the realty and as such belong to him. They were all *fructus indus-*

*triales*—that is, crops produced by labor and industry. We approve the rule that *fructus industriales* belong to one who while in possession of the land has raised them and severed them from the land itself, though it turn out that his possession was without right as against the true owner of the land. . . . . We conclude that this rule holds good even as to that part of the crops which were not severed before the judgment, so long as they were severed while respondents were in possession of the land.''

■■ The rule is quite universal that as between one out of possession, though the owner, and entitled to possession, and one adversely in possession, while crops are grown and severed, the title to the entire crop is in the latter. (*Fritcher v. Kelley, supra; Kester v. Amon, supra; Fuglede v. Wenatchee Co-op Assn., supra; Grossman v. Yip Wing,* 62 Cal. App. 121, 216 Pac. 634; *Rector v. Lewis,* 46 Cal. App. 168, 188 Pac. 1018; *Rathbone v. Boyd,* 30 Kan. 485, 2 Pac. 664; *Phillips v. Keysaw,* 7 Okl. 674, 56, Pac. 695; *Gross v. Robinson,* 36 Wyo. 392, 57 A. L. R. 578, 256 Pac. 80.) The authorities quite as generally recognize a remedy but it is always for the wrongful withholding of possession, never for the crop or wrongful conversion of the crop in which the land owner had no title. (*Gross v. Robinson, supra; Grossman v. Yip Wing, supra; Pennybecker v. McDougal,* 46 Cal. 661; *Page v. Fowler,* 39 Cal. 412, 2 Am. Rep. 462; *Groome v. Almstead,* 101 Cal. 425, 35 Pac. 1021; *Stockwell v. Phelps,* 34 N. Y. 363, 90 Am. Dec. 710.)

■ The crops involved, having been grown and severed while the grantee in the deed in fraud of creditors and her tenant were in possession pending appeal upon *supersedeas* bond, were the property of the grantee and her tenant. The trustee being out of possession had no title in the crop and he cannot successfully maintain an action for a conversion.

The judgment must be reversed, with costs to appellant.

Givens, C. J., Budge and Lee, JJ., and Koelsch, D. J., concur.

Varian, J., deeming himself disqualified, did not sit in this case.